

**SIGNED THIS 10th day of June, 2019**

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| DOUGLAS BENNINGTON ANDERSON | ) | Case No. 19-70011 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the Chapter 7 Trustee's Objection to the Debtor's claim of exemption (the "Trustee's Objection") (ECF No. 19), the Debtor's Motion to Compel Trustee to Abandon His Interest in Debtor's Residence (the "Debtor's Motion") (ECF No. 30), and responses related to both filings. The Debtor in this case filed a voluntary Chapter 7 petition on January 3, 2019 and filed his required schedules on January 24, 2019. On his Schedule C, the Debtor claimed an exemption in real property owned as tenants by the entireties ("TbE") to which the Chapter 7 Trustee (the "Trustee") has objected. In response to the Trustee's Objection, the Debtor seeks an Order compelling the Trustee to abandon the property as burdensome or of inconsequential value to the estate. The Court held a hearing on this matter on May 20, 2019 during which it heard oral argument from counsel and took the matter under

advisement.  Having reviewed and considered the record in this case, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The facts of this case are largely undisputed.  The Debtor claimed an exemption in real property owned as tenants by the entireties in the amount of $368,020 on his Schedule C pursuant to 11 U.S.C. § 522(b)(3)(B).  (Stipulation, ECF No. 34, ¶ 10; Sched. C, ECF No. 15, at 13.)  Although the parties have provided conflicting values for the property—the Debtor values the property at $575,000 (Stipulation, ECF No. 34, ¶ 4) while the Trustee notes that the tax-assessed value is only $558,300 (*Id.* ¶ 5)—the Debtor's exemption is large enough to exempt any equity in the property remaining after accounting for Suntrust Bank's first deed of trust in the amount of $206,979.  (Sched. D, ECF No. 15, at 19.)  Additionally, the parties agree that the property is subject to at least two IRS tax liens for the amounts of $88,237.32 and $723,761.25 owed by the Debtor only, and not his non-filing spouse.  (Stipulation, ECF No. 34, ¶¶ 7–8.)  Notably, the Debtor is not liable on any unsecured debts or tax claims jointly with his wife.  (*Id.* ¶¶ 13–14.)

Citing *United States v. Craft*, 535 U.S. 274 (2002), in which the Supreme Court held that a tax lien against a single spouse may attach to that spouse's interest in property owned as TbE, the Trustee has objected to the Debtor's claimed exemption.  (ECF No. 19.)  At the hearing on this matter, it became clear that the Trustee seeks to sell the property for the benefit of the IRS.  To do so under 11 U.S.C. § 363(h), however, he acknowledged that he would need to negotiate with the IRS to "carve out" a portion of sale proceeds for the benefit of the Debtor's unsecured creditors.  The Trustee confirmed at oral argument that he has no such deal at the moment.  In response, the Debtor argues that *Craft* did not involve a debtor in bankruptcy and that a trustee in

2

bankruptcy may not use the "special collection powers of the IRS" to administer property held as tenants by the entireties. (Response, ECF No. 27, ¶ 18.) The Debtor further notes that even if the IRS agrees to a "carve-out," any sale will not benefit the Debtor's bankruptcy estate. Thus, he argues that the Court should not allow administration of the property and should instead compel the Trustee to abandon it under 11 U.S.C. § 554.

The Court must therefore determine (1) whether the Debtor may exempt property held as TbE under 11 U.S.C. § 522 where a tax lien has attached to the property for liabilities owed only by the individual debtor, and (2) whether the property at issue is burdensome or inconsequential to the estate even in light of the Trustee's proposed carve-out such that the Court should compel the Trustee to abandon it under 11 U.S.C. § 554.

## JURISDICTION AND VENUE

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## CONCLUSIONS OF LAW

I. **Trustee's Objection to the Debtor's TbE Exemption**

Once a debtor files bankruptcy, 11 U.S.C. § 541 defines what becomes property of the bankruptcy estate, including "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As the Fourth Circuit has noted, this language sweeps broadly enough to include TbE property, even where only one spouse has filed bankruptcy. *See Sumy v. Schlossberg*, 777 F.2d 921, 925 (4th Cir. 1985) ("[Section] 541 now

3

includes the debtor's interest in entireties property as part of the estate."). Nonetheless, a debtor may exempt property from the estate pursuant to 11 U.S.C. § 522. Specifically, § 522(b)(3)(B) allows a debtor to claim as exempt, "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law."

Like other states that recognize TbE ownership, Virginia law generally protects property owned as TbE from creditor process in satisfaction of a debt owed individually by one spouse. *See In re Bunker*, 312 F.3d 145, 151 (4th Cir. 2002) ("[Under Virginia law property held by the entireties is not subject in any manner to individual claims of creditors of one spouse . . . ." (quoting *Reid v. Richardson*, 304 F.2d 351, 353 (4th Cir. 1962)); *Sumy*, 777 F.2d at 924–25 ("[I]n the typical entireties state, creditors of only one spouse may not reach the entireties property for satisfaction of their claims."). However, where only one spouse files bankruptcy but is jointly liable to a creditor with his spouse, "property owned as a tenant by the entireties may not be exempted from an individual debtor's bankruptcy estate under § 522(b)(2)(B) and the trustee may administer such property for the benefit of the joint creditors under § 363(h)." *Sumy*, 777 F.2d at 932. Additionally, although state laws generally create and define TbE property rights, Section 522(b)'s use of a more inclusive reference to "nonbankruptcy law" indicates that the TbE exemption is constrained by the boundaries of both state and federal law. *See Patterson v. Shumate*, 504 U.S. 753, 758 (1992) (acknowledging that reading "applicable nonbankruptcy law" to include federal law accords with similar references throughout the Bankruptcy Code). The Trustee relies on this inclusive language to argue that the Debtor's property is not exempt because the Supreme Court's holding in *Craft* is "applicable nonbankruptcy law" limiting the availability of TbE exemptions under § 522(b)(2)(B). He further suggests that he may sell the

property under §§ 363 and 724 for the benefit of the IRS and, by way of a carve-out agreement with the IRS, unsecured creditors.

In *Craft*, the Supreme Court sought to determine "whether a tenant by the entirety possesses 'property' or 'rights to property' to which a federal tax lien may attach." 535 U.S. at 276. There, the IRS sought payment of half the proceeds from the sale of property held as TbE in satisfaction of unpaid tax liabilities owed only by the husband.[1] The IRS reasoned that because 26 U.S.C. § 6321 creates a lien against "all property and rights to property" belonging to any delinquent taxpayer who refuses to pay their tax liabilities, the IRS held a lien on Mr. Craft's rights to the TbE property. This is true, it suggested, despite the legal fiction that TbE ownership does not create individual rights to property.

After an examination of each metaphorical "stick" in a property owner's bundle of rights, the Court acknowledged that "[t]he statutory language authorizing the tax lien 'is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have.'" *Id.* at 283 (quoting *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719–20 (1985)).

> According to Michigan law, respondent's husband had, among other rights, the following rights with respect to the entireties property: the right to use the property, the right to exclude third parties from it, the right to a share of income produced from it, the right of survivorship, the right to become a tenant in common with equal shares upon divorce, the right to sell the property with the respondent's consent and to receive half the proceeds from such a sale, the right to place an encumbrance on the property with the respondent's consent, and the right to block respondent from selling or encumbering the property unilaterally.

*Id.* at 282. Accordingly, the Court concluded that Mr. Craft's interest in the couple's TbE property constituted "property" or "rights to property" for the purposes of § 6321 such that a tax

---

[1] *Craft*'s reasoning hinges on the interpretation of relevant state law as it applies to TbE property. The Trustee here suggests that the Michigan TbE statute at issue in *Craft* is substantially similar to the relevant Virginia statute, and the Debtor does not challenge this point.

5

lien could attach. *See id.* at 285 ("[I]f the conclusion were otherwise, the entireties property would belong to no one for the purposes of § 6321.").

After *Craft*, courts within the Fourth Circuit have attempted to define the application of the Supreme Court's holding to bankruptcy proceedings. For example, the Fourth Circuit declined to apply the Supreme Court's holding to expand a trustee's strong-arm powers under 11 U.S.C. § 544. *Schlossberg v. Barney*, 380 F.3d 174 (4th Cir. 2004). In that case, however, no IRS tax lien had attached to the TbE property. Rather, the Trustee sought to step into the shoes of a hypothetical IRS creditor and assert the rights of a tax collector under the provisions of 11 U.S.C. § 544. The Fourth Circuit found that "*Craft* did not add the rights and powers of a hypothetical federal tax lien creditor to Section 544." *Id.* at 179–80 (quoting *In re Knapp*, 285 B.R. 176, 183 (Bankr. M.D.N.C. 2002)). Moreover, it acknowledged that such a reading of the Code would "eviscerate the exemption for tenancies by the entireties that the Bankruptcy Code explicitly recognizes" and "eliminate the protections afforded to a non-debtor spouse under 11 U.S.C. § 363(h)." *Id.* at 181–82.

Lower courts have similarly declined to extend *Craft* where TbE property was not actually subject to an IRS tax lien. *See In re Kelly*, 289 B.R. 38 (Bankr. D. Del. 2003) (overruling a judgment creditor's challenge to exemptions because "*Craft* gives no indication that the reasoning therein should be extended beyond federal tax law"); *In re Knapp*, 285 B.R. 176 (Bankr. M.D.N.C. 2002) (denying a similar objection to exemptions by distinguishing the role of a bankruptcy trustee from that of a tax collector, whose power is "the exercise of a sovereign prerogative, incident to the power to enforce the obligations of the delinquent taxpayer himself, and ultimately grounded in the constitutional mandate to 'lay and collect taxes'" (quoting *United States v. Rodgers*, 461 U.S. 677, 697 (1983))).

6

The present case poses a different issue, however.  In cases where no IRS tax lien exists, the Fourth Circuit's reasoning clearly applies—the special collection powers of the IRS do not come into play, and the property is exempt under nonbankruptcy law.  However, when an IRS tax lien has actually attached to TbE property in satisfaction of a debt owed solely by the debtor, and not jointly, it is less clear whether 26 U.S.C. § 6321 would limit a debtor's exemptions.

More on point is the District of Maryland's decision in *Conrad v. Schlossberg*, 555 B.R. 514 (D. Md. 2016).  *Conrad* involves not a tax lien, but a restitution judgment under 18 U.S.C. § 3613(a), which contains language nearly identical to that in 26 U.S.C. § 6321.  *See* 18 U.S.C. § 3613(a) ("Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced *against all property or rights to property* of the person fined . . . .") (emphasis added). In fact, "the restitution judgment provision explicitly provides that a restitution judgment creates a lien in favor of the United States 'as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986.'"  555 B.R. at 517 (quoting 18 U.S.C. § 3613(c)).

Diverging from cases where no tax lien had attached to the TbE property at issue, the court in *Conrad* affirmed the bankruptcy court's decision to sustain a trustee's objection to exemptions.  *Id.* at 520.  "[U]nlike in *Barney*, where no tax lien was in place, the United States government is an actual creditor, not a hypothetical one."  *Id.* at 520.

> Because the Supreme Court has already determined that a tax lien may attach to entireties property, notwithstanding any protections afforded to such property interest under state law . . . where, as here, the United States has become a creditor to a bankruptcy estate pursuant to § 3613, any entireties property is not exempt from process in the bankruptcy proceeding.  In other words, under "applicable nonbankruptcy law," . . . the Debtor's interest as a tenant by the entirety is not exempt from process, and the Bankruptcy Court properly sustained the Trustee's objection to the Debtor's claimed exemption.

*Id.*

Like the *Conrad* court, this Court acknowledges that in some cases where the IRS is a secured creditor, the Trustee may use proceeds from the sale of TbE property to satisfy individual tax debt. As discussed below, however, the Trustee in this case seeks to sell the property, in part, for the benefit of an individual debtor's unsecured creditors, not creditors to which his spouse is jointly indebted. In fact, no such joint creditors exist. Accordingly, the Court finds that *Conrad* does not apply here and will overrule the Trustee's Objection.

During oral argument, the Trustee explained that he hopes to administer the property for the benefit of the IRS if the Court sustains his objection. (*See also* Trustee's Response, ECF No. 33, ¶ 30.) He recognized, however, that § 363 limits his ability to sell TbE property. Importantly, under 11 U.S.C. § 363(h), a trustee may sell both the estate's and a co-owner's interest in TbE property only if the benefit to the estate outweighs the detriment to the co-owner. 11 U.S.C. § 363(h)(3); *see also Reeves v. Callaway*, 546 F. App'x 235, 241 (4th Cir. 2013) (noting that a "trustee may sell debtor's property under 11 U.S.C. § 363, but generally only to benefit unsecured creditors, *i.e.*, when sale proceeds will fully compensate secured creditors and produce some equity for benefit of unsecured creditors"). Thus, to ensure the sale benefits the estate, the Trustee proposes to negotiate a carve-out with the IRS allowing him to pay a certain amount of the proceeds to unsecured creditors.

The Fourth Circuit has allowed a "carve-out" for the benefit of unsecured creditors in the past. *See Reeves v. Callaway*, 546 F. App'x at 241. In *Reeves*, the joint debtors exempted their interest in real property similarly over-encumbered by a tax lien. When the trustee moved to sell the property, he did so subject to an agreement with the IRS to carve out 30% of the proceeds to pay administrative and unsecured claims. Notably, the carve-out agreement provided that the debtors would receive a dollar-for-dollar credit on their IRS lien for any amount paid to

unsecured creditors. The Fourth Circuit noted that "the carve-out operates to assign equity in the Debtors' Residence for the benefit of the bankruptcy estate (*i.e.*, unsecured creditors), thus justifying the Trustee's action in selling Debtors' Residence as opposed to abandoning it." *Id.* at 241.[2]

Reading *Reeves* through the lens of *Sumy*, a trustee could presumably carve out a portion of proceeds from the sale of fully encumbered TbE property for the benefit of joint unsecured creditors. Here, however, the Trustee seeks to side-step traditional TbE protections for the benefit of individual unsecured creditors. According to him, once the Court sustains his objection, the subsequent sale of the property would sever the TbE ownership and the Trustee could use the proceeds from the Debtor's interest in the property to satisfy the IRS debt or, in the case of a carve-out, debt owed to the individual unsecured creditors of the Debtor alone. In effect, the Trustee argues that once the Court sustains his objection, he is free to administer TbE property for the benefit of any of the Debtor's unsecured creditors, even those to which his spouse is not indebted. To the extent that he seeks to pay the Debtor's individual unsecured creditors, the Trustee is trying to use the unique power granted to the Sovereign under *Craft* and the federal tax lien statute to do through the back door what he cannot do through the front. The proposed carve-out does not benefit joint unsecured creditors who could otherwise reach TbE

---

[2] In *Reeves*, an unpublished opinion of the Fourth Circuit, the court made the following observation:

> Notably, the fact that the IRS agreed to allocate part of its tax lien as a carve-out for unsecured creditors has no adverse consequences for Debtors because the Trustee confirmed before the bankruptcy court that Debtors will receive full credit with respect to the IRS lien for any amount paid to unsecured creditors from the sale proceeds as part of the carve-out. Also notable is the fact that the carve-out takes this case out of the "now almost universally recognized [rule] that where the [bankruptcy] estate has no equity in the property, abandonment is virtually always appropriate because no unsecured creditor could benefit from the administration."

*Id.* at 241. Two things separate this case from *Reeves*. First, there was no indication one way or the other in *Reeves* as to whether individual, as opposed to joint creditors, were paid. Second, the Trustee has conceded in this case there is no agreed carve out with the IRS, much less one in which the Debtor would get a dollar-for-dollar credit on his tax liability such as the one in *Reeves*.

property under state law but is instead intended to circumvent the protections afforded TbE owners of property to pay individual creditors. Such a carve-out would eliminate the rights of the non-debtor spouse and the TbE protections of § 522(b) and Virginia law. The Court finds it unlikely that the Supreme Court intended *Craft* to be telescoped to such an extent.[3]

The Court believes it cannot sustain the Trustee's objection to the Debtor's claimed exemption for the purpose of paying individual unsecured creditors. "[I]n *Sumy*, the Fourth Circuit held that if there were *actual creditors* that under a non-bankruptcy law could reach the debtor's tenant by the entirety interest in the property, objection to that exemption would be sustained *but only to the extent of the claims of such actual creditors*." *Conrad*, 555 B.R. at 519 (second emphasis added). Here, there are only two creditors, each secured, that could otherwise reach the Debtor's TbE property—the mortgage lender and the IRS. Accordingly, the Court will overrule the Trustee's Objection.[4]

---

[3] In *Barney*, the Fourth Circuit observed that "[n]othing in the text or legislative history of the strong-arm clause suggests that Congress intended a bankruptcy trustee to be capable of invoking the 'sovereign prerogative' to attach property that ordinary secured creditors could not reach." 380 F.3d at 181. Granted *Barney* was an 11 U.S.C. § 544 case, and this case is before the Court in a different posture. Nevertheless, the Fourth Circuit went on to observe in a footnote as follows:

> At oral argument, Appellant contended that the federal tax lien statute relied on in *Craft* constitutes "applicable nonbankruptcy law" for purposes of § 522(b)(2)(B). He then argued that because a debtor may exempt property owned as a tenancy by the entireties from the bankruptcy estate pursuant to § 522(b)(2)(B) only to the extent that the property is "exempt from process under applicable nonbankruptcy law," the holding in *Craft* effectively disallows the exemption of entireties property. Because Appellant failed to raise this argument in his opening brief, we consider it waived. *United States v. Brower,* 336 F.3d 274, 277 n.2 (4th Cir. 2003). We pause to note, however, that Appellant's reading of "applicable nonbankruptcy law" would also effectively eliminate the entireties exemption from the Bankruptcy Code and thus suffers from the same analytical infirmity discussed above. Consequently, we would not accept Appellant's argument even if it were properly before us.

*Id.* at 182 n.6. The same issue that troubled the Fourth Circuit in *Barney* troubles the Court here.

[4] In ¶12 of his Objection, the Trustee states that the Debtor "may not exempt and thereby shield his interest in the realty . . . from administration by the Trustee for the benefit of the Internal Revenue Service." The Internal Revenue Service can take care of itself. What the Trustee is really trying to do is use the sale of the TbE property to pay individual unsecured creditors of the Debtor under the mask of benefitting the government's secured claim.

## II. Debtor's Motion to Compel Abandonment

Under 11 U.S.C. § 554(b), "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The Debtor contends that the Trustee cannot sell his TbE property under § 363(h) such that it is of inconsequential value to the estate and must be abandoned. As discussed above, the Trustee may sell TbE property under § 363(h) only where the benefit to the estate outweighs the harm to any non-debtor co-owner of the property. Because the Debtor's exemptions protect the property from administration for the benefit of the Debtor's individual unsecured creditors, any proposed sale of the property—which is over-encumbered by a Deed of Trust and IRS tax liens—would not benefit general unsecured creditors in this case and would instead create significant harm to the co-owner of the property. Consequently, the Trustee cannot sell the property under § 363(h) and the property is of no value to the estate. *See Rambo v. Chase Manhattan Mtg. Corp. (In re Rambo)*, 297 B.R. 418, 433 (Bankr. E.D. Pa. 2002).

## **CONCLUSION**

For the reasons stated above, the Trustee's Objection to the Debtor's claim of exemption is denied, and the Debtor's Motion to Compel Trustee to Abandon His Interest in Debtor's Residence is granted.

A separate Order will be entered contemporaneously herewith.